BOWES, Judge,
dissenting.
I respectfully dissent from the majority opinion. I would affirm the judgment of the trial court.
While I agree with the majority finding that LSA R.S. 9:5682 (as amended in 1975) is the controlling statute as to prescription in this case, I cannot agree with their interpretation of the May 28, 1964 Judgment of Possession.
The successions of Mr. and Mrs. Camille Alexander were settled in one proceeding. In this judgment of possession, rendered and signed on May 28, 1964, Mrs. Alexander, under the provisions of Louisiana Civil Code article 915 and in the absence of descendants or parents, was recognized as “the surviving spouse in community with the said Camille Alexandre (or Alexander) and, as such, entitled to the ownership of, and sent and put into possession of, the undivided one-half interest of the said community property belonging to the said Camille Alexandre (or Alexander) and more fully described below.” (emphasis supplied) What is “described below” is the property in its entirety.
In the same judgment of possession in the following paragraph, Louisa Madere, wife of, and Lawrence J. Keating (Sr.), parents of the plaintiffs, were recognized as universal legatees of Mrs. Alexander and were placed in possession of “... decedent’s [Mrs. Alexander’s] entire estate_ and in particular of the following described property:”. Thereafter is a description of all of the property, being the identical description of the property that is “described below” in the preceding paragraph. This is the same and only description entitled “Real Estate” in the entire judgment of possession.
Erroneous as it may have been at the time, all of the property was treated as community and Mrs. Alexander was recognized as owner of and placed in possession of all the property owned by Camille Alexander as the only heir of her deceased *330 husband under Article 915 of the Civil Code, supra, (repealed in 1981).
A true copy of this judgment, which was introduced in the trial court as Exhibit “D”, contains the following notations: “5-28-64 C.O.B. 50, folio 524 #27493.” The trial judge held, and I agree, that these notations are sufficient proof of registry and show the judgment of possession was registered in the conveyance records of St. John the Baptist Parish the same day it was signed, on May 28, 1964, at entry number 27493, in Conveyance Office Book 50, folio 524.
After the deaths of Mr. and Mrs. Lawrence J. Keating, the universal legatees of Mrs. Alexander, the property devolved upon their three children; and, after the death of one of the children, the other two (plaintiffs herein) were eventually placed in possession of all of the property.
On October 3, 1979, eighteen years and five months after the recordation of the judgment of possession in the Succession of Camille Alexander, defendants obtained an ex parte order permitting the re-opening of the succession and, on February 7, 1980, obtained an ex parte judgment of possession recognizing them as legal heirs and placing them in possession of a one-half interest (presumably that interest acquired by Mr. Alexander while he was single) in the subject property.
On May 22, 1980, plaintiffs filed the instant suit, praying for a declaratory judgment recognizing them as owners.
I find that the judgment of possession on which the plaintiffs’ title hinges was registered in the conveyance records of St. John the Baptist Parish on May 28,1964, and the 10-year prescriptive period (under the original version of R.S. 9:5682, which was passed in 1960, and which requires “good faith” possession) expired May 28, 1974, more than five years before the defendants sought to re-open the succession of Camille Alexander.
In my opinion, the conclusion by the majority that the first judgment of possession on which the Keatings’ title to the entire property hinges is that judgment registered in the conveyance records of St. John the Baptist Parish on June 18, 1970, is based on erroneous reasoning. For prescriptive purposes, the Court must consider all legal proceedings involved in the chain of the Keatings’ title and the judgment of May 28, 1964, which described all of the property owned by Camille Alexander, is necessarily a part of one of these proceedings.
The reasoning employed by the majority allows them to “tailor” the facts to fit their conclusion that the applicable date for the start of the prescriptive period was June 18, 1970, instead of May 28, 1964. This, in turn, allows them to find that less than ten years (the' prescriptive period involved), rather than some eighteen years (which the trial judge found and with which I agree), elapsed since the plaintiff had been placed in possession of all the property in question. Hence, their conclusion that prescription had not run against defendants-appellants in 1979, when they filed their ex-parte motion.
Defendants are descendants of heirs of Camille Alexander who were not recognized as such in the judgment of possession signed on May 28,1964 in the succession of the said Camille Alexander. Plaintiffs acquired the property through someone (Mrs. Camille Alexander) who was recognized as an heir in his succession. Defendants’ claim should have been asserted within ten years of the registry of this judgment of possession (May 28, 1964) and it was proven at the trial that plaintiffs, or their ancestors in title, have been in continuous, uninterrupted, peaceable, public and unequivocal possession of the property in excess of ten years. Therefore, the action of the defendants-appellants in asserting a claim to the property involved herein and having themselves recognized as owners thereof in the ex parte judgment of possession dated February 7, 1980, was barred by the prescription established by L.R.S. 9:5682.
For the foregoing reasons, I would affirm the judgment of the trial court.